[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————

No. 21-11660

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDUARDO EMILIO ORTIZ-CERVANTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:14-cr-00394-SCB-AEP-7

_____

Before Luck, Lagoa, and Anderson, Circuit Judges.

Per Curiam:

Eduardo Ortiz-Cervantes ("Ortiz"), a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion asking it to reconsider its order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] In his initial brief, Ortiz identifies one issue on appeal—whether the district court abused its discretion in denying his compassionate release motion—but he advances several arguments to that effect. First, he argues that the district court erred by relying on U.S.S.G. § 1B1.13 to decide whether he had shown extraordinary and

_____

[1] Ortiz's notice of appeal specifies that he is appealing the district court's denial of his motion for reconsideration of its earlier denial of his motion for compassionate release. The Government concedes, though, that we have jurisdiction to review the district court's denial of Ortiz's underlying motion for compassionate release. Accordingly, we will proceed as though Ortiz directly appealed the district court's denial of his motion for compassionate release.

compelling reasons warranting compassionate release because that policy statement is outdated and non-binding. Second, he contends that the court abused its discretion by denying his compassionate release motion before the Government could respond. Third, he asserts that it abused its discretion by failing to properly consider the 18 U.S.C. § 3553(a) factors and finding that they weighed against compassionate release. Finally, he argues that the district court erred by considering the fact that he is a noncitizen subject to an immigration detainer.

## I.

Before turning to Ortiz's several arguments on appeal, we will first outline our standard of review in compassionate release appeals. We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). This standard of review "is not simply a rubber stamp." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (quoting *United States v. Docampo*, 573 F.3d 1091, 1104 (11th Cir. 2009) (Barkett, J., concurring in part and dissenting in part)). "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* This standard of review, though, does afford district courts a "range of choice," and we "cannot reverse just because we might have come to a different conclusion." *Harris*, 989 F.3d at 912 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in mak-

ing its determination, or makes clearly erroneous factual findings. *Id.* at 911.

A district court may not grant compassionate release unless it makes three findings: (1) "that an extraordinary and compelling reason exists," (2) "that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13," and (3) that the "§ 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "The plain language of the statute means that compassionate release is permissible only if all three findings are made . . . . If any one of the necessary findings cannot be made, then compassionate release is not permissible." *Id.* at 1348 (citation omitted).

## II.

### A.    Section 1B1.13

Ortiz first argues that the district court erred by relying on Section 1B1.13 to determine whether he was eligible for compassionate release because that policy statement is outdated and nonbinding. But this argument is foreclosed by our recent precedent. *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021). In *Bryant*, we "held that Section 1B1.13 constrains district courts' authority to identify when extraordinary and compelling reasons exist." *Giron*, 15 F.4th at 1346 (citing *Bryant*, 996 F.3d at 1262). Accordingly, the district court did not err by considering Section 1B1.13 when it decided that "none of [Ortiz's] medical circumstances or the conditions

within his facility demonstrates an extraordinary and compelling reason warranting his early release from prison."[2]

We also cannot conclude that the district court's determination that Ortiz's medical conditions were not an extraordinary and compelling reason was an abuse of discretion.  *See id.* (holding that it was not an abuse of discretion for the district court to conclude that the appellant's medical conditions "were manageable in prison, despite the existence of the COVID-19 pandemic"); *Harris*, 989 F.3d at 912 (holding that the district court did not abuse its discretion by denying compassionate release to an inmate with hypertension despite the heightened risk presented by COVID-19).[3]

---

[2] Ortiz requests that we hold his appeal in "abeyance" until the Supreme Court reviews whether this Court's decision in *Bryant* was rightly decided. However, the Supreme Court has recently denied certiorari in *Bryant*, so we will not hold Ortiz's appeal in abeyance.  *Bryant v. United States*, 142 S. Ct. 583 (2021).

[3] Ortiz also asserts, in passing, that his "present confinement is contrary to the Eight[h] Amendment" because "prison officials are unable to protect [him] adequately from contracting COVID-19."  Because he has devoted only a single sentence to this argument, we deem it inadequately argued and therefore abandoned.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate . . . .  At the very least, he must devote a discrete, substantial portion of his argumentation to that issue.  Otherwise, the issue . . . will be considered abandoned.").

B.     Sua Sponte Ruling

Ortiz next argues that the district court erred by denying his motion for compassionate release without allowing the Government to respond to his motion. For support, he cites *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675 (2006). There, the Supreme Court held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but it also noted that the district court, before doing so, "must accord the parties fair notice and an opportunity to present their positions." *Id.* at 209–10, 126 S. Ct. at 1684. The Court's concern, though, was prejudice to the habeas petitioner: "the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue . . . ." *Id.* at 210, 126 S. Ct. at 1684. Here, there is no allegation, or evidence, of prejudice to the Government by the district court's *sua sponte* denial of Ortiz's compassionate release motion. Moreover, Ortiz has not cited, nor can we find, caselaw suggesting that district courts must wait for the Government's response to a motion for compassionate release before denying that motion. *See Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (stating that the district court may consider the § 3553(a) factors when adjudicating a compassionate release motion even if the Government did not discuss the § 3553(a) factors in its motion opposing compassionate release).

C.    Section 3553(a) Factors

Ortiz's next argument on appeal is that the district court erred by (a) not adequately weighing the § 3553(a) factors and (b) concluding that those factors weighed in favor of denying compassionate release.[4]  We have held that a district court must explain its decision sufficiently to allow for meaningful appellate review—*i.e.*, to allow the court of appeals to determine whether the district court considered the applicable factors.  *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021).  A failure to adequately explain its decision is an abuse of discretion.  *Johnson*, 877 F.3d at 997.

That said, the district court need not state on the record that it has considered each of the § 3553(a) factors nor must it discuss each of them.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  A sentence may be affirmed if the record indicates that the court considered a number of the factors.  *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (concluding that, while the district court did not specifically state that it had considered the factors, it necessarily considered several of

---

[4] Even if we concluded that the § 3553(a) factors weighed in favor of compassionate release, we could affirm the district court's denial of compassionate release based solely on our conclusion that the district court did not err by finding that no extraordinary or compelling reasons justified compassionate release.  *See Giron*, 15 F.4th at 1348 ("[I]f the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so.").

them by entertaining the defendant's objections and motion for a downward departure).

Here, the district court adequately considered the § 3553(a) factors. The court said that it "considered" the factors and determined that they "weigh[ed] against granting the motion" for compassionate release. Specifically, it noted that Ortiz had been "convicted of serious drug offenses" and that he had "an unresolved INS detainer with the Bureau of Immigration and Customs Enforcement because he is a Colombian citizen who will be deported after serving his sentence." These specific considerations reflect a number of the § 3553(a) factors, namely "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1)–(2). Accordingly, the district court adequately considered the § 3553(a) factors such that we can exercise meaningful appellate review.

Moreover, we cannot conclude that the district court improperly weighed the § 3553(a) factors such that it abused its discretion. Ortiz argues that the factors—in particular, his age, nonviolent history, and medical conditions—weigh in favor of compassionate release. But "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Even if we would have weighed the § 3553(a) factors

differently in this case, that alone does not show an abuse of discretion.

### D.    Reference to Ortiz's Citizenship

Ortiz's final argument on appeal is that the district court committed a "manifest error of law" because it "observ[ed]" that Ortiz has "an Immigration Detainer." Ortiz notes that the compassionate release statute does not say that non-citizen status or the existence of an immigration detainer "is a disqualifying factor." This argument is unpersuasive because the district court did not say that Ortiz's immigration status was a disqualifying factor. Instead, it noted that Ortiz "has an unresolved INS detainer" and "will be deported after serving his sentence" when weighing the § 3553(a) factors. While the district court did not explain which § 3553(a) factors Ortiz's immigration detainer related to, it clearly did not treat this fact as disqualifying. Accordingly, we cannot conclude that the district court abused its discretion by referencing Ortiz's immigration detainer.

### III.

In summary, Ortiz has not shown that the district court abused its discretion when denying his motion for compassionate release. Accordingly, the district court's denial of Ortiz's motion for compassionate release is

**AFFIRMED.**